UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSEPH McKENTLY MONEGAIN III,  )
                                )
           Petitioner,          )
                                )  Case No. 3:12-CV-010 JD
    v.                          )
                                )
SUPERINTENDENT,                 )
                                )
           Respondent.          )

OPINION AND ORDER

Joseph McKently Monegain III, a *pro se* prisoner, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 [DE 1] challenging his 2008 criminal confinement and battery convictions in St. Joseph County. *State v. Monegain*, 71D03-0802-FB-0013. Pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES, the court is obligated to review a habeas petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]"

Following a bench trial, Monegain was convicted of two counts of criminal confinement and one count of battery. *Monegain v. State*, No. 71A03-0810-CR-521, 2009 WL 1099271, at *2 (Ind. Ct. App. Apr. 22, 2009). He was sentenced to 11 years in prison [DE 1]. He appealed, challenging the sufficiency of the evidence. *Monegain*, 2009 WL 1099271, at *1. The Indiana Court of Appeals affirmed. *Id.* at *3. Monegain did not file a petition to transfer in the Indiana Supreme Court or seek review in the U.S. Supreme Court [DE 1 at 1].

On April 20, 2010, Monegain filed a *pro se* petition for post-conviction relief in St. Joseph County Circuit Court [DE 1 at 1]. In the ensuing year and a half, Monegain amended his petition three times and filed various motions in support of his petition [DE 1-2 at 2-4]. On August 29, 2011,

the post-conviction court granted Monegain 60 days to submit affidavits in support of his petition and the state 60 days thereafter to submit affidavits in response [DE 1-2 at 23]. At present, the petition remains pending [DE 1 at 1].

On January 6, 2012, Monegain tendered his federal petition to prison officials for mailing [DE 1 at 5]. He raises claims of ineffective assistance of appellate counsel based on various errors [*Id.* at 3-4]. He acknowledges that these claims have not yet been presented to the Indiana Supreme Court, but he nevertheless argues that he should be excused from exhausting his state court remedies due to inordinate delay in the post-conviction proceedings [DE 1 at 3; DE 1-1 at 16-18].

Monegain's petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before considering the merits of a habeas petition, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts . . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Lewis*, 390 F.3d at 1025-26 (internal citations and quotation marks omitted). Until exhaustion has occurred, federal habeas relief is not available. *See id.*

2

Monegain acknowledges that he has not exhausted his state court remedies because his post-conviction petition remains pending before the trial court [DE 1 at 1, 3-5]. He nevertheless argues that his failure to exhaust should be excused because of excessive delay in the state proceedings [DE 1 at 3, 5; DE 1-1 at 16-18]. In rare instances, federal courts may dispense with the exhaustion requirement because delay on the part of the state has led to injustice to the petitioner. *Granberry v. Greer*, 481 U.S. 129, 135-36 (1987). To qualify for this exception, the delay must be both "inordinate" and "unjustifiable." *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997). Thus, where a petition for post-conviction relief had "lain dormant" for more than three years, the Seventh Circuit found grounds to excuse the exhaustion requirement unless the state could show that the delay was justified. *Lowe v. Duckworth*, 663 F.2d 42, 43 (7th Cir. 1981); *see also Jackson*, 112 F.3d at 878-79 (stating in *dicta* that state's failure to take any action on post-conviction petition for more than five years could provide grounds for excusing the exhaustion requirement).

Monegain's case does not fall into this exceptional category. Instead the record shows that he filed his petition in April 2010, less than two years ago. Since that time, he has amended his petition three times and the state has filed a response to each of the three petitions [DE 1-2 at 2-4]. Monegain has filed motions in connection with his petition, and the trial court has ruled on his motions [*Id.*]. He has also sought various forms of relief in the Indiana appellate courts,[1] and those requests were ruled on as well [*Id.* at 5-21, 24-25]. In response to one of Monegain's motions, the trial court has set a time frame for submission of evidence and resolution of the post-conviction petition [*Id.* at 22-23]. Based on the above, the court cannot conclude that Monegain's post-

---

[1] Monegain filed a mandamus petition in the Indiana Supreme Court which was found to be procedurally deficient and without merit [DE 1-2 at 25]. He also attempted to file a motion in the Indiana Court of Appeals under his direct appeal cause number; this motion was denied as the case had been closed [DE 1-2 at 15].

conviction petition has been lying "dormant" in state court. Although Monegain would prefer that the case move more quickly, he has not experienced the type of inordinate delay that would excuse his failure to exhaust.

Therefore, Monegain's petition is subject to dismissal. The court should consider staying rather than dismissing a habeas petition containing unexhausted claims when it would be too late for the petitioner to refile, such that a dismissal would "effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (2006). Here, Monegain's conviction became final when the time for seeking review in the Indiana Supreme Court expired 30 days after the Indiana Court of Appeals decision on April 22, 2009, affirming his convictions. *See* IND. APP. R. 57(C)(1) (petition to transfer must be filed within 30 days of appellate court judgment); *Gonzalez v. Thaler*, —S. Ct.—, 2012 WL 43513 (U.S. Jan. 10, 2012) (when a state prisoner does not seek review in the state's highest court, his conviction becomes final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for seeking such review expires). The federal clock began running on May 22, 2009, and Monegain had one year from that date to seek federal habeas review. 28 U.S.C. § 2244(d)(1)(A). He filed his state post-conviction petition on April 20, 2010, which tolled the deadline for filing a federal petition. *See* 28 U.S.C. § 2244(d)(2). At that time approximately 32 days remained on the federal clock.

Although this is not a lengthy period of time, if Monegain acts promptly he should have sufficient time to return to federal court once the state post-conviction proceedings have concluded. By way of analogy, this is the same time frame in which a party is expected to file an appeal in both state and federal court. *See* FED. R. APP. P. 4(a); IND. APP. R. 9(A)(1). The court finds no reason that a habeas petition could not be filed within that time frame. Monegain will be entitled to the benefit

4

of the prison mailbox rule, such that his petition will be deemed filed on the date he tenders it to prison officials for mailing. *See Jones v. Bertrand*, 171 F.3d 499, 501 (7th Cir. 1999). Additionally, he need not submit legal argument or evidence along with his petition; he only needs to complete and submit the form, or otherwise submit a document containing the relief requested, the grounds for relief, and the basic facts supporting the grounds for relief. *See* RULE 2(C) OF THE RULES GOVERNING SECTION 2254 CASES; *see also Mahaffey v. Ramos*, 588 F.3d 1142, 1145 (7th Cir. 2009) (prisoner's motion to reinstate prior habeas petition complied with the basic requirements of RULE 2(C) and thus constituted the operative filing for purposes of determining timeliness). Indeed, Monegain can use the same petition he prepared for this case, making only minor alterations to reflect that his claims have since been exhausted in the state courts.[2] Based on the above, the court does not find grounds for a stay. Therefore the petition will be dismissed. The dismissal will be without prejudice to Monegain's right to pursue federal habeas relief once the state proceedings have concluded.

For these reasons, the petition [DE 1] is DISMISSED WITHOUT PREJUDICE pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

SO ORDERED.

ENTERED: January 17, 2012

/s/ JON E. DEGUILIO
Judge
United States District Court

---

[2] If Monegain is concerned about meeting the federal deadline following a decision by the Indiana Supreme Court, it would be permissible for him to file a "protective" petition at the time he seeks review in that court, along with a motion seeking to stay the petition until his case is resolved. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).

5